# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| KIM ELLIS, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3.22-CV-01350-S |
| | § | |
| BLACK RIFLE COFFEE COMPANY, | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

---

## DEFENDANT BLACK RIFLE COFFEE COMPANY, LLC'S
## ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

---

**DEFENDANT BLACK RIFLE COFFEE COMPANY, LLC** ("Defendant," "BRCC," or the "Company"), by and through its counsel of record, respectfully submits its Original Answer to Plaintiff Kim Ellis' ("Plaintiff" and/or "Ellis") First Amended Complaint and Jury Demand (the "Amended Complaint") in the above-styled case, subject to its Motion to Dismiss previously filed in this cause, and would show the Court as follows:

## I.   SPECIFIC RESPONSES TO PLAINTIFF'S AMENDED COMPLAINT
## AND JURY DEMAND[1]

Upon information and belief from Plaintiff, Defendant admits Plaintiff represented she is an African American female, who is a citizen of the United States. Defendant admits Plaintiff informed Defendant that she has breast cancer.  Defendant denies the other unnumbered factual allegations in Plaintiff's introductory paragraphs of her Complaint. Defendant further denies that

---

[1] The headings are from Plaintiff's Amended Complaint and are included for the Court's convenience.

Plaintiff has been discriminated against and/or retaliated against by Defendant. Defendant denies Plaintiff reported her possible radiation treatments to each of her superiors.  Some of BRCC's personnel were aware of certain chemotherapy treatments but not Plaintiff's radiation treatments. Defendant denies Plaintiff was eligible for or denied a promotion to Chief Retail Officer, a newly created position part of Defendant BRCC management of workflow and checks and balances. Defendant denies Heath Nielsen ("Nielsen") was 36 years of age at his hire; he was 54-years of age, comparable to Plaintiff's age of 56.  Defendant denies Plaintiff was discriminated against in any manner; her termination was based upon significant performance failures regarding Plaintiff and the team she managed.  Her termination had no relationship to her race - she was terminated by the same person(s) who hired her; age - she was in the same age category as others in senior leadership, including Nielsen; gender – Plaintiff has presented no allegations specific to gender; disability – Plaintiff received ongoing Company support, encouragement, and benefits through her treatments. Plaintiff was encouraged to pursue the treatments and benefits available at her discretion and supported and respected her choices in managing her care.  Further, Defendant denies Plaintiff participated in a protected activity that would support a claim for retaliation; Plaintiff failed to complain or give any notice of discrimination or retaliation.  Considering the foregoing, Defendant denies all allegations and statements by Plaintiff she states to support alleged discrimination or retaliation.

## PARTIES, JURISDICTION, AND VENUE

1.      Defendant lacks knowledge, information and/or belief sufficient for it to either admit or deny any allegations as whether Plaintiff is a citizen or currently resides as stated in Paragraph 1.  Defendant admits Plaintiff has identified as female and is currently 56 years of age.

2.      Defendant agrees it is a publicly traded, NYSE-Listed company.  Defendant agrees it employed Plaintiff and others in Texas. Defendant denies the Plaintiff's causes of action "arose from and are connected to 'purposeful acts'" by Defendant; however, Defendant admits Plaintiff's alleged causes of action relate to her employment in Texas.  Defendant admits it has been served with process through its registered agent, C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140. Defendant has made an appearance through counsel.

3.      Defendant admits the Court has jurisdiction over civil actions arising under 28 § 1331.  Defendant admits the Court has jurisdiction to hear claims arising under 28 U.S.C. § 1343(a)(4).

4.      Defendant admits its corporate headquarters is located at 1144 500 W., Salt Lake City, Utah 84101. Defendant admits a substantial portion of the alleged acts and omissions occurred in Dallas, Texas; however, Defendant denies her alleged acts and omissions were an "unlawful failure to promote and unlawful termination" as asserted in the Complaint. Defendant admits venue is proper under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

5.      Defendant admits it was founded in December 2014. Defendant admits it specializes in online, direct-to-customer coffee subscription serv[ic]e.  Defendant admits it had over 100,000 subscribers as of 2020. Defendant admits it has physical coffee shops in Utah, Texas, and Georgia, as well as other locations. Defendant admits its coffee is distributed at some firing ranges, 5.11 Tactical stores, and Bass Pro Shops. Defendant admits it expanded into Canada in 2017, opened a new coffee roasting facility in Manchester, Tennessee, launched Coffee or Die Magazine in 2018, an online news and lifestyle publication that reports on military, veteran, law

enforcement, and coffee topics. Defendant completed a merger with SilverBox in February 2022. Defendant's valuation fluctuates based upon the timing and scope of assessment.

6.      Defendant admits it is an employer within the meaning of 42 U.S.C. § 2000-e(b). Defendant admits it meets the definition of employer under the American with Disabilities Act ("ADA") and Age Discrimination in Employment Act ("ADEA"). However, Section 1981 does not include a definition of employer.  Defendant is without information to determine any "other federal statutes pertinent to this suit," and thereby denies the statement.

7.      Defendant lacks knowledge, information, and/or belief sufficient to either admit or deny that Plaintiff held a series of positions in real estate and business development from 1990 to present regarding paragraph 7, except what has been presented by Plaintiff; therefore, Defendant denies same. Based upon information and belief, Plaintiff was employed at GameStop Corp. Defendant lacks knowledge, information, and/or belief sufficient to either admit or deny GameStop Corp. is a Fortune 550, S&P 500 Company, and operates more than 5,700 stores across 14 countries. The foregoing statements have no specificity regarding time and/or locations.

8.      Defendant admits Tom Davin ("Davin") was the Co-Chief Executive Officer in February 2021 and had previously worked with Plaintiff in other employment.  Defendant lacks knowledge, information, and/or belief sufficient to either admit or deny that Plaintiff was an Executive Vice President, Development for Panda Restaurant Group, Inc., and relies on Plaintiff's representation regarding her prior employment and positions. Defendant admits Davin contacted Plaintiff about a position with BRCC. Defendant admits Evan Hafer ("Hafer") is the Founder of BRCC and has served as CEO since its inception; Toby Johnson ("Johnson") is the Chief Operations Officer, and Greg Iverson ("Iverson") is the CFO.  Defendant admits Hafer, Davin, Johnson, and Iverson interviewed Plaintiff. Defendant admits it offered Plaintiff the job of Senior

Vice President, Development by letter dated July 1, 2021 and she would report directly to Co-Chief Executive Officer Davin.  Defendant denies all statements in Paragraph 8 not admitted.

9.      Defendant denies Plaintiff worked diligently and had good performance,  Plaintiff's termination was based upon her inability to meet the expectations for her position, expectations which she helped to establish.   Defendant lacks knowledge, information and/or belief sufficient for it to either admit or deny Plaintiff's calculations about the number of days she believed she travelled, the percentage of those days she believed she travelled, or the number of states she believed she visited; thus, this statement is denied. Defendant admits Plaintiff's position required she travel to various sites in various states.  Defendant denies Plaintiff's statement that fifty (50) real estate deals were "approved" from Plaintiff's team and denies any real estate deals that actually were completed were because of Plaintiff's travel, long hours, or hard work done by Plaintiff. Upon review of Plaintiff's work, Plaintiff fell far below the real estate deals she represented she would achieve.   Defendant denies Plaintiff "never missed a number."   The statement is vague and ambiguous because it does not identify the deliverable she references. Further, Defendant will show that Plaintiff missed her numbers in several categories of Defendant's expected results.  Defendant denies Plaintiff's statement that "BRCC never counseled, warned, or disciplined Ellis at any time[]."   Defendant denies Nielson treated Plaintiff with hostility, in a condescending manner, or "made it clear to Ellis that he wanted Ellis out of the organization" Defendant lacks knowledge, information, and/or belief sufficient for it to either admit or deny Plaintiff's "beliefs" for the remainder of Paragraph 9. Defendant denies all statements in Paragraph 9 not admitted.

10.      Defendant admits Plaintiff informed a limited few of BRCC's employees she was diagnosed with breast cancer, but Defendant lacks knowledge, information, and/or belief sufficient

to either admit or deny the date she learned she had breast cancer. Defendant admits Plaintiff informed Davin she had cancer. Defendant admits Davin showed concern for Plaintiff. Defendant admits Davin conducted "regularly scheduled 1 on 1" meetings with Plaintiff where business was addressed.  Plaintiff was not eligible for FMLA during her employment with Defendant. Defendant denies the conversation(s) regarding FMLA as asserted in the Complaint. Defendant denies the statements not admitted in paragraph 10,  or is without sufficient information to admit or deny, and therefore, denies the statements.

11.     Defendant denies Plaintiff informed Davin in November 202**2**[2] that her cancer surgery was scheduled for December 17, 2021; Defendant admits that Plaintiff informed Davin that she would have cancer surgery but has insufficient information to verify the date; consequently, the date is denied. Defendant admits Davin was supportive. Defendant lacks knowledge, information and/or belief sufficient to either admit or deny whether or not and/or when Plaintiff informed Sandy Garner ("Garner") about her "cancer situation."  The term "cancer situation" is vague and ambiguous. Defendant admits Garner was the VP of People and Culture; at one point held the highest-ranking title in Human Resources ("HR");  is an African American female; and is no longer employed with Defendant BRCC.  Brandt is the Interim Chief Human Resources Officer, and she identifies as an Anglo female. Defendant is without sufficient information to admit or deny if and/or when Plaintiff "shared her cancer diagnosis and surgery plan with several members of her own team and the full Leadership staff" during a meeting on December 13, 2021; consequently, the statement is denied.  Defendant denies Plaintiff had surgery on December 17, 202**2**; however, Defendant admits on information and belief that Plaintiff had surgery December 17, 2021.

---

[2] Plaintiff references dates in November and December 2022, dates which have not yet occurred.

12.     Defendant admits Plaintiff returned to work on January 4, 2022, but Defendant lacks knowledge, information and/or belief sufficient to either admit or deny the remaining allegations that Plaintiff was no longer on narcotic pain medication that might have impaired her decision making; consequently, Defendant denies this statement. Plaintiff's assertion that she participated in "regular meetings" is vague and ambiguous; thus, Defendant lacks knowledge, information and/or belief sufficient to either admit or deny this allegation and the remainder of the allegations, which are denied. Defendant lacks knowledge, information and/or belief sufficient for it to either admit or deny Plaintiff's assertion she "was in pain through all of it[]." No response is required regarding the last statement in Paragraph 12. To the extent a response is deemed required, Defendant lacks knowledge, information and/or belief sufficient for it to either admit or deny the last statement in Paragraph 12, which is therefore denied.

13.     Defendant lacks knowledge, information and/or belief sufficient for it to either admit or deny whether Plaintiff had a summit meeting on February 7, 2022, where James Truong ("Truong") "led a large part of the meeting[]" but Defendant admits Truong was a subordinate to Anthony Thompson ("Thompson") and Thompson reported to Plaintiff. Defendant lacks knowledge, information and/or belief sufficient for it to either admit or deny the remaining allegations in Paragraph 13; thus, each and every remaining allegation in Paragraph 13 is denied.

14.     Defendant lacks knowledge, information and/or belief sufficient for it to either admit or deny each and every allegation in Paragraph 14. Thus, Defendant denies each and every allegation in Paragraph 14. Defendant admits that there were various meetings conducted by Plaintiff with her team and others.  Defendant is without sufficient information regarding any admissions, statements or failures to admit or state information by Truong; consequently, the assertions are denied.

15.     Defendant admits Plaintiff informed Defendant she started chemotherapy but is without sufficient information regarding the date her treatments began.  No response is required for the remainder of the statements regarding Plaintiff's treatment regimen in Paragraph 15. Defendant lacks knowledge, information and/or belief sufficient to either admit or deny that Plaintiff "would feel worst on the day 4 after each treatment." Defendant admits Plaintiff informed Defendant about her chemotherapy sessions. Defendant lacks knowledge, information and/or belief sufficient to either admit or deny whether Plaintiff placed the chemotherapy session on her calendar. Defendant admits at some point Plaintiff informed Davin about the chemotherapy sessions but is without sufficient information that she discussed each session; therefore, the statement is denied. Defendant admits Plaintiff informed Davin she was trying to schedule her chemotherapy sessions to coordinate with her work schedule.  Defendant is without information to admit or deny Plaintiff's motivations or actions regarding her scheduling of treatments; consequently, the statements are denied.  Some of BRCC's personnel were aware of certain chemotherapy treatments but not Plaintiff's radiation treatments.

16.     Defendant admits Davin informed Plaintiff that his role was shifting, and she would report to Nielsen. Defendant admits Nielson served as the Chief Retail Officer in March 2022. To the extent a response is required, Defendant denies Plaintiff would have been promoted to the Chief Retail Officer position and further denies she was not promoted because of her cancer, race, age, and/or gender. Defendant denies Nielsen was 36 years old in March 2022; in fact, he was 54, comparable to Plaintiff's age of 56.  Defendant admits Nielsen identifies as a white male.  Due to protections under the HIPAA laws, Defendant provides no information and does not admit or deny any medical conditions or health status of Nielsen.  Defendant further denies Plaintiff's statement that "Nielson was an Anglo who had far less experience and qualifications for the job he filled

than Ellis," which is an opinion and/or legal conclusion and no response is required. Defendant denies Nielson is not qualified for the position of Chief Retail Officer. For the remaining allegations in Paragraph 16, Defendant lacks knowledge, information and/or belief sufficient to either admit or deny; therefore, Defendant denies each and every remaining allegation.

17.      Defendant denies Plaintiff was not informed BRCC was creating the Chief Retail Officer position.  Upon information and belief, Defendant denies that Plaintiff had an interest in the position of Chief Retail Officer.  Defendant denies hiring an "underqualified" or "less qualified" individual (Nielsen) for the position of Chief Retail Officer. Defendant denies Nielsen was brought in "as the eventual replacement for Ellis" and further denies Nielsen was hired because Plaintiff had cancer. Plaintiff was terminated a few months after Nielsen's official hire; however, Defendant denies any inference that such actions were based upon Plaintiff's protected classes. Plaintiff was terminated based upon her failure to meet the established performance goals. Any statements not admitted are denied.

18.      Defendant admits Nielson's position as the Chief Retail Officer was higher in the chain of command than Plaintiff's position as SVP; however, Defendant denies Nielsen was hired to replace Plaintiff. Nielsen was informed Plaintiff had cancer; however, Defendant is not aware of the specific date Nielson learned of Plaintiff's diagnosis. Plaintiff's statement that Nielsen knew of her cancer from "the start" is conclusory, vague and ambiguous.  Nielson had several "one-on-one meetings" with Plaintiff and will verify whether a meeting scheduled for March 21, 2022, was cancelled, and was rescheduled; consequently, Defendant denies the statement until further information becomes available. Defendant denies the remainder of the allegations. Defendant admits Nielson shopped for housing for a move to Texas.

19.     Defendant denies Paragraph 19 in its entirety. To the extent Paragraph 19 asserts Plaintiff's perceptions, observations, and her feelings, Defendant lacks knowledge, information and/or belief sufficient to either admit or deny those allegations; thus, Defendant denies each allegation.

20.     Defendant lacks knowledge, information and/or belief sufficient to either admit or deny when Plaintiff heard Defendant had a concern that it had not received a Geotech report and it was overdue; thus, this allegation is denied. Defendant lacks knowledge, information and/or belief sufficient to either admit or deny Plaintiff was worried that Truong might have made a mistake; thus, this allegation is denied.  Defendant lacks knowledge, information and/or belief sufficient to either admit or deny, Plaintiff's alleged belief that "where there is smoke there is fire[]" or her alleged concern that "this might not be the only soil report that slipped through the cracks." Defendant lacks knowledge, information and/or belief sufficient to either admit or deny that Plaintiff follow-up on the soil reports; thus, this allegation is denied. Defendant admits Plaintiff begin to inquire regarding missing reports and she subsequently had conversations with Davin and Nielsen and that she informed Davin and Nielson that she may have found "a miss that might impact BRCC's annual operating plan." Defendant admits Plaintiff informed Nielsen she was "conducting a session to get the facts."  Defendant is verifying information regarding any specific meeting date; consequently, Defendant is without sufficient information to admit or deny when a meeting occurred.

21.     Defendant admits Plaintiff conducted a meeting but lacks knowledge, information and/or belief sufficient for it to either admit or deny the actual date, that the meeting lasted 7 hours, or was described as "All Hands on Deck."  Upon information and belief, Defendant denies "Ellis made sure Truong attended," but instead, Troung was specifically told not to participate in the

meeting. Defendant is investigating, but lacks knowledge, information and/or belief sufficient to either admit or deny whether those present at the alleged March 18th meeting "went through the stores, one by one."  Defendant lacks knowledge, information and/or belief sufficient to either admit or deny any statements allegedly made by Troung. Defendant admits Truong resigned. All other statements in Paragraph 21 are denied.

22.     Defendant admits Plaintiff and Nielsen had a one-on-one meeting, but denies it was the only one-on-one meeting ever scheduled or that occurred. Defendant admits Plaintiff and Nielson discussed "business matters" at their one-on-one meeting(s).

23.     Defendant admits Plaintiff discussed information regarding her cancer with Nielsen and admits Nielsen learned of Plaintiff's cancer prior to their discussion.  Defendant denies the remainder of the statements in Paragraph 23.

24.     Defendant denies knowledge regarding the specifics of Plaintiff's cancer treatments.  Defendant is without sufficient information to admit or deny Plaintiff's feelings about her decisions regarding treatment.  Defendant admits that Defendant made every effort to allow Plaintiff to pursue her personal decisions regarding management of her health concerns and to ensure she could pursue whatever means of recovery she thought necessary.  Until further investigation, Defendant denies the remaining statements in Paragraph 24.  Defendant denies any "signal" to Plaintiff that her cancer treatment regimen was viewed negatively and objects to her conclusory assessment in her assertion/allegation that Nielsen's reply was negative.

25.     Plaintiff's allegation that she "learned of more misconduct or negligence by Truong[]" is based upon information that is outside of the scope of Defendant's knowledge.  To the extent a response is required Defendant lacks knowledge, information and/or belief sufficient

for it to either admit or deny information learned by Plaintiff regarding Truong; thus, Defendant denies Paragraph 25 in its entirety.

26.     Defendant admits Nielsen conferred with Plaintiff and Dan Kappernick ("Kappernick") on or about March 25, 2022.  Defendant admits Kappernick had previously reported to Davin but was also a new report to Nielsen. Defendant denies the statements attributed to Nielson asserted in Paragraph 26. Defendant lacks knowledge, information and/or belief sufficient to either admit or deny whether Plaintiff rescheduled her chemotherapy session to attend the Monday, March 28, 2022 meeting. Defendant denies Plaintiff was threatened with termination for not attending any meeting.

27.     Defendant admits a March 28, 2022 meeting was held to discuss information that caused a change in Defendant's goals and expectations previously presented by Plaintiff. Defendant admits that the meeting included a deep review of various stores and their operations and/or operations potential.  Defendant is presently without sufficient information to admit or deny the remaining statements in Paragraph 27; consequently, Defendant denies all statements not admitted.

28.     Defendant is without sufficient information to admit or deny any subsequent conversations between Plaintiff and Nielsen. Consequently, Defendant denies Paragraph 28.

29.     Defendant admits Brandt is skilled and experienced in Human Resource matters. Defendant admits Brandt and Plaintiff previously worked for the same employer.  Defendant admits Brandt and Plaintiff met on April 15, 2022 and it was a friendly, catch-up meeting; Brandt asked Plaintiff about Nielsen as the new Chief Retail Officer.   The remaining allegations in Paragraph 29 are denied.  Defendant objects to Plaintiff's attempt to classify and codify alleged statements and training in a different time and setting as relevant to Plaintiff's specific allegations

and/or that Plaintiff has the ability to determine Brandt's "knowledge."  Plaintiff's allegations are speculative.

30.     Defendant is without sufficient knowledge or information regarding Ellis' presumptions regarding Brandt's questions or statements, Ellis' assessments regarding Nielsen's qualifications for his position, or her conclusions or perceptions regarding Nielson's alleged actions.  Each allegation states Plaintiff Ellis' perceptions; consequently, Defendant denies Plaintiff's allegations.  Defendant denies the allegations regarding Plaintiff "meant to alert Brandt." Defendant denies these allegations and objects to the statements to the extent she attempts to establish legal conclusions. Defendant denies Plaintiff reported any complaints or allegations of discrimination for any protected class or that any actions by Nielsen we anything more than differences in business styles. Plaintiff was encouraged to engage Nielsen to get to know his expectations for her position.  Defendant denies "BRCC understood Ellis's complaints about the way Nielson was treating Ellis to be complaints about discrimination."  Ellis did not describe her interactions with Nielsen as discriminatory in any manner. Defendant denies any and all allegations of discrimination and denies that any actions by Plaintiff were a protected activity.

31.     Defendant admits Brandt and Ellis discussed issues regarding certain store openings.  Defendant denies Plaintiff's restatement of the conversation as presented. Defendant is without sufficient information to assess or confirm Plaintiff's remaining statements regarding events; consequently, the remaining statements are denied.

32.     Defendant is without sufficient information to admit or deny Plaintiff's understanding or determination regarding events concerning Troung and his work performance; consequently, Defendant denies the allegations in Paragraph 32.

33.     Defendant lacks knowledge, information and/or belief sufficient to either admit or deny each allegation in Paragraph 33 and any information Plaintiff may have been received or heard; thus, Defendant denies Paragraph 33 in its entirety.

34.     Defendant admits Davin requested a meeting with Plaintiff on April 25, 2022, to which Plaintiff agreed. Defendant admits an invitation was sent to Plaintiff to participate in a video meeting and that Brandt was subsequently added to the invitation.  Defendant admits during the meeting Plaintiff was informed she was being terminated.

35.     Defendant admits the meeting held on April 25, 2022 began at or about 5:00 p.m. Defendant admits Plaintiff, Brandt, and Davin participated in the video meeting. Defendant admits Davin informed Plaintiff that the Board had lost confidence in her.  Defendant denies the remaining statements in Paragraph 35 and specifically denies Plaintiff's attempt to misconstrue statements in Defendant's Motion to Dismiss that address her poor performance/failure to fulfill expectations that caused the Board to lose confidence, resulting in Plaintiff's termination.

36.     Defendant admits Plaintiff expressed surprise and thought her termination was unfair. Defendant denies that Nielsen was attempting to "bring his own guy in." Defendant admits acknowledging Plaintiff's cancer and stating the Company wanted to support her health.  Defendant is not able to admit or deny any terms or statements discussed with Plaintiff regarding her transition out of the Company.  Because Defendant cannot admit or deny the statements, they are denied.

37.     Defendant admits Brandt informed Plaintiff she would email employment transition information in a document to Plaintiff after the meeting ended. Defendant lacks knowledge, information and/or belief sufficient to either admit or deny whether Plaintiff was in tears after the meeting ended. Defendant lacks knowledge, information and/or belief sufficient to

either admit or deny Plaintiff's feelings of allegedly being crushed, terrified, and humiliated. Defendant admits Plaintiff was an at-will employee, which does not require a statement for cause for termination. Plaintiff's remaining allegation that her termination lacked just cause is a legal conclusion and no response is required.  To the extent a response is require, Defendant denies the allegation. Defendant explained to Plaintiff the circumstances that caused Plaintiff's termination.

38.     Defendant admits Brandt sent Plaintiff a document addressing her separation from the Company.  Defendant is prevented from discussing any language/information that may be personal, confidential, proprietary or subject to other protections.  To the extent Plaintiff alleges Defendant's information indicated a knowing violation of the ADEA or any other statute or protection, Defendant denies any such violation.  Further, any such assessment is a legal conclusion, and no response is required. To the extent a response is required, Defendant denies any claims of discrimination based upon age (or any other protected class) or any violations of the ADEA.

39.     Upon information and belief, Defendant admits Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission and Texas Workforce Commission on Civil Rights on or about May 17, 2022. Defendant admits Plaintiff filed an Attachment to her charge of discrimination and Plaintiff's Attachment included the Discrimination Statement; however, Defendant denies each and every allegation asserted in the Charge and the Discrimination Statement.  Further, Defendant acknowledges receipt of Plaintiff's Right to Sue letter and that Plaintiff filed her lawsuit within 90 days of issuance of the notice of Right to Sue letter. Defendant denies Plaintiff has exhausted all her administrative prerequisites under Title VII, the ADA, and the ADEA. Defendant admits there is no arbitration agreement covering the subject matter of any claims in this action.

40.     To the extent Paragraph 40 is a legal conclusion, no response is required. Defendant denies Paragraph 40 in its entirety as Plaintiff did not have an employment agreement (e.g., contract) with Defendant.  Rather, Plaintiff was given an offer letter and was always an employee at will.  Defendant denies there were any written limitations for terminating Plaintiff or her ability to seek other employment.   Defendant objects to Plaintiff's misrepresentations regarding her employment with Defendant BRCC.

41.     To the extent Paragraph 41 is a legal conclusion, no response is required. Defendant denies Paragraph 41 in its entirety.  Plaintiff was always an employee at will.

42.     To the extent Paragraph 42 is a legal conclusion, no response is required. Defendant denies Paragraph 42 in its entirety. Plaintiff was always an employee at will.

43.     To the extent Paragraph 43 is a legal conclusion, no response is required. Defendant denies Paragraph 43 in its entirety.

## <u>CAUSES OF ACTION</u>

### A.  COUNT ONE: DISABILITY DISCRIMINATION

44.     Paragraph 44 requires no response. To the extent a response is required, Defendant denies the allegations and incorporates its prior responses.

45.     Defendant denies Paragraph 45 in its entirety.

46.     Defendant denies Paragraph 46 in its entirety.

47.     Defendant denies Paragraph 47 in its entirety.

48.     Defendant denies Paragraph 48 in its entirety.

### B.  COUNT TWO: AGE DISCRIMINATION

49.     Paragraph 49 requires no response. To the extent a response is required, Defendant denies the allegations and incorporates its prior responses.

50.     Defendant denies Paragraph 50 in its entirety.

51.     Defendant denies Paragraph 51 in its entirety.

52.     Defendant denies Paragraph 52 in its entirety.

53.     Defendant denies Paragraph 53 in its entirety.

## C.  COUNT THREE: SEX DISCRIMINATION

54.     Paragraph 54 requires no response. To the extent a response is required, Defendant denies the allegations and incorporates its prior responses.

55.     Defendant denies Paragraph 55 in its entirety.

56.     Defendant denies Paragraph 56 in its entirety.

57.     Defendant denies Paragraph 57 in its entirety.

58.     Defendant denies Paragraph 58 in its entirety.

## D.  COUNT FOUR: RACE DISCRIMINATION

59.     Paragraph 59 requires no response. To the extent a response is required, Defendant denies the allegations and incorporates its prior responses.

60.     Defendant denies Paragraph 60 in its entirety.

61.     Defendant denies Paragraph 61 in its entirety.

62.     Defendant denies Paragraph 62 in its entirety.

63.     Defendant denies Paragraph 63 in its entirety.

## E.  COUNT FIVE: RETALITION

64.     Paragraph 64 requires no response. To the extent a response is required, Defendant denies the allegations and incorporates its prior responses.

65.     Defendant denies Paragraph 65 in its entirety.

66.     Defendant denies Paragraph 66 in its entirety.

67.     Defendant denies Paragraph 67 in its entirety.

68.     Defendant denies Paragraph 68 in its entirety.

## F. COUNT SIX: BREACH OF CONTRACT

69.     Paragraph 69 requires no response. To the extent a response is required, Defendant denies the allegations and incorporates its prior responses.

70.     Defendant denies Paragraph 70 in its entirety.

71.     Defendant denies Paragraph 71 in its entirety.

72.     Defendant denies Paragraph 72 in its entirety.

73.     Defendant denies Paragraph 73 in its entirety.

74.     Defendant denies Paragraph 74 in its entirety.

75.     Defendant denies Paragraph 75 in its entirety.

## JURY DEMAND

76.     Paragraph 76 requires no response.

## PRAYER FOR RELIEF

77.     Defendant denies Plaintiff's Prayer for Relief in its entirety, including Plaintiff's request for injunctive relief in section a and all other requests for relief as stated in sections b – l. Plaintiff should be denied all relief requested.

## DEFENDANT'S AFFIRMATIVE DEFENSES AND OTHER MATTERS

1.     Some or all of Plaintiff's First Amended Complaint fails to state a claim or claims upon which relief can be granted.

2.     Plaintiff cannot establish a *prima facie* case for any form of discrimination and/or retaliation.

3.      Plaintiff's claims are barred, in whole or in part, to the extent that such claims exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the EEOC and dually filed with the Texas Workforce Commission-Civil Rights Division.

4.      Any claims not raised in Plaintiff's charge of discrimination should be barred and dismissed for failure to exhaust administrative remedies.

5.      Plaintiff's claims against Defendant fail, in whole or in part, to the extent that the employment actions complained of by Plaintiff were based upon legitimate, nondiscriminatory, non-retaliatory, reasons and/or good faith reliance on applicable administrative rulings, orders or law.

6.      Plaintiff was terminated from her position for a legitimate, nondiscriminatory reason, Plaintiff's and her team's performance failures.

7.      Plaintiff was an "at-will" employee.

8.      Plaintiff has failed to mitigate any damages she may claim to have suffered as a result of any alleged actions. Alternatively, any damages claimed to have been suffered by Plaintiff should be reduced by whatever income or economic benefits she has earned or received after her employment with Defendant ended. Defendant is entitled to an offset for any amount that was in fact earned or could have been earned by Plaintiff during the relevant time.

9.      Defendant did not commit any act with malice or reckless indifference to Plaintiff's legally protected rights (if any), not did Defendant approve, authorize, ratify, or have actual knowledge of any such acts.

10.     Without conceding Plaintiff suffered any damages because of any alleged wrongdoing by Defendant, Defendant pleads the due process limitation on punitive/exemplary

damages outlined by the U.S. Supreme Court in its opinion in *State Farm Mut. Auto. Ins. Co. Campbell*, 538 U.S. 408 (2003).

11.     Defendant cannot be vicariously liable for punitive damages in light of its good faith efforts to comply with the anti-discrimination statutes at issue in this case. *See  Koland v. Am. Dental Ass'n*, 527 U.S. 526 (1999).

12.     Plaintiff cannot recover punitive damages against Defendant for any alleged discrimination, including harassment, because any such alleged conduct would be contrary to Defendant's good faith efforts to comply with applicable anti-discrimination law(s).

13.     To the extent Plaintiff seeks punitive damages, such claims are barred in whole or part because Defendant has not engaged in intentional discrimination with malice or with reckless indifference to Plaintiff's rights.

14.     Defendant specifically denies any allegations of intentional and knowing conduct and other conduct which may form the legal basis for entitlement to compensatory damages, liquated damages, or punitive damages.  Defendant further denies that the acts and/or omissions alleged by Plaintiff amount to willful, malicious, and/or reckless conduct.

15.     Plaintiff's compensatory and punitive damages are subject to all applicable statutory caps and limitations.

16.     Plaintiff's claims for punitive damages fail to the extent they are unconstitutional and/or otherwise not available.

17.     As a matter of law, Plaintiff is precluded from recovering punitive and compensatory damages for alleged ADEA retaliation. *Vaughan v. Anderson Reg. Med. Ctr.*, 849 F.3d 588 (5th Cir. 2017).

18.     As a matter of law, Plaintiff is barred from recovering punitive and mental anguish damages under the ADEA. *Dean v. Am. Sec. Inc.*, 559 F.2d 1036, 1040 (5th Cir. 1997); *McDade v. Smurfit-Stone, Inc.*, No. Civ.A.3:05CV1478-B, 2006 WL 435315 (N.D. Tex. Feb. 23, 2006).

19.     Defendant is not liable for the alleged unlawful acts and/or omission by its supervisors and/or managers to the extent those individuals acted outside the course and scope of employment.

20.      If Defendant is found liable for actual damages, Defendant intends to seek reduction of damages under the proportionate-responsibility statute.

21.     Plaintiff's claims against Defendant are barred, in whole or in part, on the applicable statute of limitations.

22.     Plaintiff's claims are barred because Defendant exercised reasonable care to prevent and correct promptly any discriminatory conduct and because Plaintiff unreasonably failed to properly take advantage of any preventative or corrective opportunities provided by Defendant to avoid harm otherwise.

23.     To the extent, if any, unlawful harassment and/or discrimination was a motivating factor in any decision regarding Plaintiff, which Defendant denies, Defendant would have made the same decision absent any improper or unlawful motivation.

24.     Plaintiff lacks standing to sue regarding her breach of contract claim.  Plaintiff does not have a contract.  Further, Plaintiff did not and could not meet the requirement of performing conditions precedent

25.     Defendant is entitled to the same actor defense.

26.     Plaintiff is not entitled to recover attorney's fees and costs under Chapter 38.

27.     Defendant asserts the after-acquired evidence affirmative defense.

28.     Defendant asserts the business judgment rule.

Respectfully submitted,

**KAUFMAN DOLOWICH & VOLUCK, LLP**

  _/s/ Janice S. Parker_
Janice S. Parker
Texas Bar No. 15488050
janice.parker@kdvlaw.com
Sharon Gilmore
State Bar No. 24045943
sharon.gilmore@kdvlaw.com
14643 Dallas Parkway, Suite 550
Dallas, Texas 75254
Telephone:     (972) 781-2400
Facsimile:     (972) 781-2401

*ATTORNEYS FOR DEFENDANT*
*BLACK RIFLE COFFEE COMPANY*

## CERTIFICATE OF SERVICE

The undersigned certified that on this, the **9th** day of **August 2022** a true and correct copy of *Defendant Black Rifle Coffee Company's Original Answer to Plaintiff's First Amended Complaint* was served upon all counsel of record, as indicated below, via [ ] United States mail, certified, return receipt requested, [ ] United States regular mail, [ ] facsimile, [ ] e-mail, [ ] hand delivery, [√] Notice of Electronic Court Filing.

Hal K. Gillespie
Gillespie Sanford, LLP
4803 Gaston Avenue
Dallas, Texas 75246
Email: hkg@gillespiesanford.com
*Attorney for Plaintiff*

  _/s/ Janice S. Parker_
Janice S. Parker